UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

AUSTIN COLE                                    CIVIL ACTION

VERSUS                                         NO. 18-8929

P.S. FISHERIES, et al.                         SECTION: "G"(5)

## ORDER

In this litigation, Plaintiff Austin Cole ("Plaintiff"), a seaman working aboard the *M/V Croatian Pride*, asserts negligence and unseaworthiness claims against P.S. Fisheries, LLC, Port Sulpher Fisheries, Inc, and Luke S. Cibilich (collectively "Defendants"), as alleged owners of the vessel.[1] Plaintiff also contends that Defendants failed to provide maintenance and cure as required of employers under the Jones Act.[2] On January 28, 2019, Port Sulpher Fisheries, LLC ("PSF") filed a "Motion for Summary Judgment," arguing that it did not own the vessel and was not liable to Plaintiff.[3] On February 5, 2019, Plaintiff filed an opposition, requesting that the Court extend the submission date for the pending motion until Plaintiff had time "to conduct sufficient discovery to respond to the Motion for Summary Judgement."[4] On February 13, 2019, with leave of Court, Defendant filed a reply, arguing that Plaintiff has not alleged sufficient facts in the Complaint to show that PSF owns the vessel or is the "alter ego of any other defendant."[5]

In the Motion, PSF argues that it was simply a seafood broker with Port Sulpher Fisheries

---

[1] Rec. Doc. 1.

[2] *Id.*

[3] Rec. Doc. 26-1.

[4] Rec. Doc. 30 at 6.

[5] Rec. Doc. 38 at 1.

1

and not an owner or operator of the vessel.[6] PSF also asserts that it was not Plaintiff's employer in any way, and under the Jones Act, only a seamen's employer is liable for damages and maintenance and cure.[7] PSF contends that because Plaintiff cannot show that PSF was Plaintiff's employer, part of an enterprise that employed Plaintiff, or an owner of the *M/V Croatian Pride*, Plaintiff's claims against it should be dismissed.[8]

In opposition, Plaintiff contends that he is not certain of PSF's role with the M/V Croatian Pride because discovery is ongoing.[9] Plaintiff asserts that the motion relies on statements by the other named Defendants, from whom Plaintiff has not yet received discovery responses.[10] Plaintiff alleges that he has only received discovery from PSF, and it would be prejudicial to require Plaintiff to respond to PSF's motion prior to obtaining the relevant discovery from the other Defendants.[11] In support of these assertions, Plaintiff attaches an affidavit of his attorney, Bradley Egenberg, confirming that discovery has not been completed and additional discovery is needed before Plaintiff can adequately respond to the motion for summary judgment.[12] Plaintiff argues that Federal Rule of Civil Procedure 56(d) allows the Court to delay consideration of a motion for summary judgment to allow plaintiffs additional time to conduct discovery.[13] Thus, Plaintiff requests that the Court delay consideration of the motion to allow him additional time to prepare

---

[6] Rec. Doc. 26-1 at 5–6.

[7] *Id.* at 5, 8–9.

[8] *Id.*

[9] Rec. Doc. 33 at 1.

[10] *Id.*

[11] *Id.* at 1 –2.

[12] Rec. Doc. 33-2.

[13] Rec. Doc. 33 at 2.

an opposition.[14]

Pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, if a nonmovant shows by affidavit or declaration that "it cannot present facts essential to justify its opposition" to a motion for summary judgment, the Court may: "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Rule 56(d) "provides a mechanism for dealing with the problem of premature summary judgment motions."[15] Rule 56(d) "allows for further discovery to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose."[16] "Such motions are broadly favored and should be liberally granted."[17]

PSF argues that Plaintiff's claims against it should be dismissed because Plaintiff cannot show that PSF was Plaintiff's employer, part of an enterprise that employed Plaintiff, or an owner of the *M/V Croatian Pride*.[18] Plaintiff avers that he cannot properly oppose the motion until he receives discovery responses from the other Defendants to confirm that PSF did not have an owner, operator, or employer role in the *M/V Croatian Pride*.[19] Therefore, because Plaintiff cannot adequately oppose the motion for summary judgment until further discovery is conducted, the Court finds it proper to deny the motion for summary judgment without prejudice pursuant to Rule 56(d).

---

[14] *Id.* at 5.

[15] *State Farm Fire & Cas., Co. v. Whirlpool Corp.*, No. 10-1922, 2011 WL 3567466, at *2 (N.D. Tex. Aug. 15, 2011) (citing *Parakkavetty v. Indus Int'l, Inc.*, 2004 WL 354317, at *1 (N.D. Tex. Feb.12, 2004) (citing *Owens v. Estate of Erwin*, 968 F.Supp. 320, 322 (N.D.Tex. 1997))).

[16] *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006) (citing *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir.1990)).

[17] *Id.* (citing *Int'l Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1257, 1267 (5th Cir. 1991)).

[18] *Id.*

[19] Rec. Doc. 30.

The Court notes that, pursuant to the Court's Scheduling Order, the parties have until September 4, 2019, to complete discovery, and any non-evidentiary pretrial motions must be filed in sufficient time to permit hearing thereon no later than September 11, 2019.[20] Accordingly, pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, the Court will deny PSF's motion for summary judgment without prejudice to allow the parties additional time to conduct discovery. Accordingly,

**IT IS HEREBY ORDERED** that Defendant P.S. Fisheries, LLC's "Motion for Summary Judgment"[21] is **DENIED** without prejudice pursuant to Rule 56(d) of the Federal Rules of Civil Procedure.

**NEW ORLEANS, LOUISIANA** this  22nd  day of April, 2019.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[20] Rec. Doc. 15.

[21] Rec. Doc. 26.