UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| AUSTIN COLE | CIVIL ACTION |
| VERSUS | NO. 18-8929 |
| P.S. FISHERIES, et al. | SECTION: "G"(4) |

## ORDER

Before the Court is Defendant P.S. Fisheries, LLC's ("PSF") unopposed "Motion for Summary Judgment."[1] In this litigation, Plaintiff Austin Cole ("Plaintiff"), a seaman working aboard the *M/V Croatian Pride*, asserts negligence, unseaworthiness, and maintenance and cure claims against PSF as alleged owners of the *M/V Croatian Pride*.[2] In the instant motion, PSF seeks summary judgment dismissing Plaintiff's claims because PSF was (1) "not the Jones Act employer of plaintiff," (2) not part of a single business enterprise that employed Plaintiff, and (3) not the owner or operator of the *M/V Croatian Pride*.[3]

The instant motion was filed on July 19, 2019 and set for submission on August 14, 2019.[4] Under Local Rule 7.5, an opposition to a motion must be filed eight days before the noticed submission date. Plaintiff has not filed an opposition to the instant motion and thus the motion is unopposed. A federal district court may grant an unopposed motion if the motion has merit.[5]

---

[1] Rec. Doc. 57.

[2] Rec. Doc. 1.

[3] Rec. Doc. 57-1 at 1, 15.

[4] Rec. Doc. 57.

[5] *See Braly v. Trail*, 254 F.3d 1082 (5th Cir. 2001).

1

Having considered the motion, memorandum in support, record, and applicable law, the Court grants the instant motion for summary judgment.

## **I. Background**

On September 26, 2018, Plaintiff filed a complaint in this Court against PSF, Port Sulphur Fisheries, Inc. ("Port Sulphur Fisheries"), and Luke S. Cibilich ("Cibilich"), seeking recovery for injuries Plaintiff allegedly sustained while working as a crew member aboard the *M/V Croatian Pride* (the "Vessel").[6] Plaintiff alleges that he was employed as a deckhand by PSF and/or Port Sulphur Fisheries and, moreover, that PSF and/or Port Sulphur Fisheries owned or chartered the Vessel. Plaintiff further alleges that Cibilich was the Vessel's Captain and Master.[7]

According to the Complaint, on June 6, 2017, Plaintiff was helping Captain Cibilich load rocks in a loader bucket aboard the Vessel to capture oysters, "when all of a sudden the loader bucket fell and crushed [Plaintiff]."[8] As a result, Plaintiff alleges that he suffered "severe injuries to his femur, pelvis, hip, and more."[9] Plaintiff asserts a negligence claim under the Jones Act, as well as claims for unseaworthiness of a vessel and maintenance and cure under general maritime law.[10]

On January 28, 2019, PSF filed its first motion for summary judgment.[11] In that motion, PSF argued that it was not Plaintiff's employer and, furthermore, did not own or operate the

---

[6] Rec. Doc. 1 at 2–3.

[7] *Id.*

[8] *Id.* at 3.

[9] *Id.*

[10] *Id.* at 4–5.

[11] Rec. Doc. 26.

2

Vessel.[12] On February 5, 2019, Plaintiff filed an opposition, requesting that the Court extend the submission date for the first summary judgment motion because Plaintiff needed more time to conduct discovery.[13] On April 22, 2019, pursuant to Federal Rule of Civil Procedure 56(d), the Court denied the first motion for summary judgment without prejudice to allow Plaintiff additional time to conduct discovery.[14]

On July 19, 2019, after the discovery deadline passed, PSF filed the instant motion for summary judgment.[15] Plaintiff has not filed an opposition to the instant motion, timely or otherwise.

## II. Parties' Arguments

In the instant motion, PSF makes three principal arguments. First, PSF argues that it is not liable for Plaintiff's negligence claim under the Jones Act because PSF is not Plaintiff's "employer."[16] As support, PSF asserts that it did not hire Plaintiff or direct the Vessel's operations.[17] Second, PSF argues that it was not part of a single business enterprise—with Port Sulphur Fisheries—that employed Plaintiff.[18] Instead, according to PSF's sole member and manager, Trent Jordan, PSF's only affiliation with Port Sulphur Fisheries entailed purchasing oysters from Port Sulphur Fisheries.[19] Finally, PSF argues that it is not liable under general

---

[12] Rec. Doc. 26-1 at 6.

[13] Rec. Doc. 33.

[14] Rec. Doc. 43.

[15] Rec. Doc. 57.

[16] Rec. Doc. 51-1 at 1.

[17] *Id.* at 7.

[18] *Id.* at 15.

[19] *Id.* at 1.

maritime law for unseaworthiness of the Vessel or maintenance and cure because PSF did not own, charter, or direct operations aboard the Vessel.[20] For those reasons, PSF concludes that summary judgment is appropriate.

Plaintiff has not responded to the motion for summary judgment or presented any evidence to oppose PSF's assertions.

### III. Legal Standard

Summary judgment is appropriate when the pleadings, discovery, and affidavits demonstrate "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[21] If the entire record "could not lead a rational trier of fact to find for the non-moving party," then no genuine issue of fact exists and, consequently, the moving party is entitled to judgment as a matter of law.[22] On a motion for summary judgment, the moving party bears the initial burden of identifying portions of the record that demonstrates the absence of a genuine issue of material fact.[23] To satisfy this burden, the moving party may "submit evidentiary documents that negate the existence of some material element of the opponent's claim or defense."[24] Thereafter, if the moving party satisfies its initial burden, the burden shifts to the non-moving party to "identify specific evidence in the record, and articulate" precisely how that evidence supports the non-moving party's claims.[25]

---

[20] *Id.*

[21] Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[22] *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).

[23] *Celotex,* 477 U.S. at 323.

[24] *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 190 (5th Cir. 1991) (quoting *Little*, 939 F.2d at 1299).

[25] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994); *see also Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

## IV. Analysis

### A. *Whether PSF can be Held Liable under the Jones Act*

In the instant motion, PSF argues that it is not Plaintiff's "employer" under the Jones Act because it did not hire Plaintiff or direct operations aboard the Vessel.[26] Under the Jones Act, a seaman may sue his or her "employer" for negligence.[27] "By the express terms of the Jones Act an employer-employee relationship is essential to recovery."[28] To demonstrate someone is an employer under the Jones Act, a seaman must provide "proof of an employment relationship either with the owner of the vessel or with some other employer who assigns the worker to a task creating a vessel connection."[29] The employer "need not be the owner or the operator of the vessel."[30] However, the "employer-employee bond is usually evident: the vessel owner engages the seaman, pays his wages, and, through the master, directs his work."[31]

In this case, PSF relies on Trent Jordan's affidavit to demonstrate that no employer-employee relationship existed between PSF and Plaintiff. Jordan, the sole member and manager of PSF, testified that PSF did not hire Plaintiff or direct operations aboard the Vessel.[32] Jordan

---

[26] Rec Doc. 57-1 at 7.

[27] *Gautreaux v. Scurlock Marine, Inc.*, 107 F.3d 331, 335 (5th Cir. 1997).

[28] *Guidry v. S. Louisiana Contractors, Inc.*, 614 F.2d 447, 452 (5th Cir. 1980) (quoting *Spinks v. Chevron Oil Co.*, 507 F.2d 216, 224 (5th Cir. 1975)).

[29] *Id.*

[30] *Id.*

[31] *Baker v. Raymond Int'l, Inc.*, 656 F.2d 173, 177 (5th Cir. 1981).

[32] Rec. Doc. 57-1 at 1. PSF does acknowledge that on two occasions, PSF wrote a check to Plaintiff at the request of Port Sulphur Fisheries' request because it is common for oyster brokers to pay crew members directly when purchasing oysters. *See id.* at 11. That fact does not provide sufficient evidence to meet Plaintiff's burden of identifying specific evidence in the record and articulating exactly how that evidence supports his claims. Plaintiff did not file an opposition and presented no evidence to support his claims.

further testified that PSF did not own, charter, or operate the Vessel.[33] Plaintiff has not responded to the instant motion for summary judgment or presented any evidence to contradict Jordan's testimony. The undisputed evidence in the record shows that PSF was not Plaintiff's employer. Thus, no genuine issue of material fact exists regarding whether PSF is Plaintiff's employer under the Jones Act. Summary judgment is appropriate on PSF's liability under the Jones Act.

### B. *Whether PSF was part of a Single Business Enterprise with Port Sulphur Fisheries*

In the Complaint, Plaintiff does not allege that PSF was either an alter ego of Port Sulphur Fisheries or, alternatively, that PSF formed a single business enterprise with Port Sulphur Fisheries.[34] However, when Plaintiff responded to PSF's first motion for summary judgment and requested additional time to conduct discovery under Federal Rule of Civil Procedure 56(d), Plaintiff argued that additional discovery was needed to determine whether PSF was Port Sulphur Fisheries' alter ego.[35]

The alter ego doctrine permits a court to disregard corporate formalities "to the extent that the corporation ceases to be distinguishable from its shareholders."[36] PSF presents the affidavit of Jordan to show that PSF and Port Sulphur Fisheries do not own shares in each other.[37] Therefore, the undisputed evidence in the record establishes that the alter ego doctrine is not applicable.

In an abundance of caution, PSF additionally argues that it did not form a single business

---

[33] *Id.*

[34] Rec. Doc. 1.

[35] Rec. Doc. 33 at 2.

[36] *Riggins v. Dixie Shoring Co., Inc.*, 590 So. 2d 1164, 1168 (La. 1991).

[37] Rec. Doc. 57-4 at 1–2.

6

enterprise with Port Sulphur Fisheries. The "single business enterprise doctrine is a theory for imposing liability where two or more entities act as one."[38] Although the single business enterprise theory is typically evaluated under state law,[39] the Fifth Circuit has applied the doctrine to a Jones Act claim.[40] Louisiana state courts recognize corporations to be distinct legal entities.[41] But if two or more corporations constitute one business enterprise, a court may "[d]isregard the concept of corporate separateness and extend liability to each of the affiliated corporations."[42] "Generally, under this doctrine, when corporations integrate their resources in operations to achieve a common business purpose, each business may be held liable for wrongful acts done in pursuit of that purpose."[43] The party asserting the single-business-enterprise theory must provide clear and convincing evidence that the corporations acted as a single business enterprise.[44]

A single business enterprise results from one corporation acting as the "tool or instrumentality of another corporation."[45] Louisiana state courts consider eighteen factors to

---

[38] *Coleman v. Burgundy Oaks, L.L.C.*, 46,314 (La. App. 2 Cir. 6/8/11), 71 So. 3d 352, 355.

[39] *See In re Ark–La–Tex Timber Co., Inc.*, 482 F.3d 319, 335–36 (5th Cir. 2007); *In re Schimmelpenninck,* 183 F.3d 347, 356 (5th Cir. 1999).

[40] *Baker v. Raymond Int'l, Inc.*, 656 F.2d 173, 180 (5th Cir. 1981). To decide whether a single business enterprise formed, the Fifth Circuit reviewed nine factors. *Id. Baker*'s nine factors are almost identical to nine of the eighteen factors set forth in *Green v. Champion*. Under either test, PSF is entitled to summary judgment because Plaintiff has not presented any evidence to show that there is a genuine issue of material fact in dispute as to any of the factors.

[41] *Riggins*, 590 So. 2d at 1167.

[42] *Brown v. Auto. Cas. Ins. Co.*, 93-2169 (La. App. 1 Cir. 10/7/94), 644 So. 2d 723, 727.

[43] *Coleman*, 71 So. 3d at 355.

[44] *Miller v. Entergy Servs., Inc.*, 2004-1370 (La. App. 4 Cir. 7/13/05), 913 So. 2d 143, 148.

[45] *Green v. Champion Ins. Co.,* 577 So. 2d 249, 257 (La. Ct. App. 1991).

decide whether corporations constitute a single business enterprise.[46] The eighteen factors are non-exhaustive, and no factor is dispositive.[47] Whether or not two or more entities comprise a single business enterprise is a factual determination to be decided by the trier of fact. . . ."[48] The eighteen factors are as follows:

> (1) corporations with identity or substantial identity of ownership, that is, ownership of sufficient stock to give actual working control; (2) common directors or officers; (3) unified administrative control of corporations whose business functions are similar or supplementary; (4) directors and officers of one corporation act independently in the interest of that corporation; (5) corporation financing another corporation; (6) inadequate capitalization ('thin incorporation'); (7) corporation causing the incorporation of another affiliated corporation; (8) corporation paying the salaries and other expenses or losses of another corporation; (9) receiving no business other than that given to it by its affiliated corporations; (10) corporation using the property of another corporation as its own; (11) noncompliance with corporate formalities; (12) common employees; (13) services rendered by the employees of one corporation on behalf of another corporation; (14) common offices; (15) centralized accounting; (16) undocumented transfers of funds between corporation; (17) unclear allocation of profits and losses between corporations; and (18) excessive fragmentation of a single enterprise into separate corporations.[49]

In the instant motion, PSF claims it did not form a single business enterprise with Port Sulphur Fisheries—who admitted to owning the Vessel and is allegedly Plaintiff's actual employer.[50] As support, PSF points to Trent Jordan's testimony that PSF's relationship with Port Sulphur Fisheries entailed only buying oysters from Port Sulphur Fisheries.[51] Plaintiff has not provided any arguments or evidence to oppose Jordan's affidavit.

Jordan's affidavit shows that none of the eighteen factors weigh in favor of deeming PSF and

---

[46] *Id.*

[47] *Green*, 577 So. 2d at 257–58.

[48] *Coleman,* 71 So. 3d at 355.

[49] *Green*, 577 So. 2d at 257–58.

[50] Rec. Doc. 57-1 at 12; Rec. Doc. 12 at 3.

[51] Rec. Doc. 57-4 at 1.

Port Sulphur Fisheries as a single business enterprise. Jordan attests that (1) Jordan and PSF were never shareholders of Port Sulphur Fisheries;[52] (2) PSF and Port Sulphur Fisheries have no common directors or officers;[53] (3) PSF and Port Sulphur Fisheries have no administrative control over one another;[54] (4) PSF acted in its interest alone;[55] (5) PSF did not finance Port Sulphur Fisheries;[56] (6) PSF is adequately capitalized;[57] (7) PSF was not organized by Port Sulphur Fisheries;[58] (8) PSF did not pay Port Sulphur Fisheries' expenses;[59] (9) PSF purchased oysters from businesses other than Port Sulphur Fisheries;[60] (10) PSF's property was not used by Port Sulphur Fisheries;[61] (11) PSF complied with the formalities of limited liability companies;[62] (12) PSF and Port Sulphur Fisheries have no common employees;[63] (13) Port Sulphur Fisheries' employees do not render services to PSF;[64] (14) PSF has its own office;[65] (15) PSF completes its

---

[52] *Id.*

[53] *Id.* at 1–2.

[54] *Id.* at 2.

[55] *Id.*

[56] *Id.* at 1–2.

[57] *Id.* at 3.

[58] *Id.* at 1.

[59] *Id.* at 3.

[60] *Id.*

[61] *Id.* at 2.

[62] Rec. Doc. 57-6.

[63] Rec. Doc. 57-4 at 2.

[64] *Id.* at 3.

[65] *Id.*

9

own accounting;[66] (16) PSF has not transferred any undocumented funds to Port Sulphur Fisheries;[67] (17) PSF does not share in profits or losses of Port Sulphur Fisheries;[68] and (18) PSF's operations are not fragmented.[69]

Thus, PSF has presented evidence—Jordan's affidavit—demonstrating that all eighteen factors support a finding that PSF and Port Sulphur Fisheries did not form a single business enterprise. Plaintiff has not presented any evidence to oppose Jordan's affidavit. Thus, the undisputed evidence in the record shows that PSF did not form a single business enterprise with Port Sulphur Fisheries. As a result, no genuine issue of material fact is in dispute. Summary judgment is appropriate on the single-business-enterprise issue.

### C. *Whether PSF can be Held Liable under General Maritime Law*

PSF contends that it is not liable under general maritime law for unseaworthiness of a vessel or maintenance and cure because PSF did not own, charter, or direct operations aboard the Vessel.[70]

Under general maritime law, a seaman may bring an unseaworthiness claim "based on the vessel owner's duty to ensure that the vessel is reasonably fit to be at sea."[71] To be held liable for unseaworthiness, "the defendant must be in the relationship of an owner or operator of a vessel."[72]

---

[66] *Id.*

[67] *Id.*

[68] *Id.* at 2.

[69] *Id.* at 1.

[70] Rec. Doc. 57-1 at 7–8.

[71] *Beech v. Hercules Drilling Co., L.L.C.*, 691 F.3d 566, 570 (5th Cir. 2012) (quoting *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 441 (2001)).

[72] *Baker*, 656 F.2d at 181 (quoting *Daniels v. Florida Power & Light Co.*, 317 F.2d 41, 43 (5th Cir. 1963)).

In addition, a seaman may bring a claim for maintenance and cure against a vessel owner for "food, lodging, and medical services to a seaman injured while serving the ship."[73] Both claims—unseaworthiness and maintenance and cure—require the defendant to be at minimum an owner or operator of the vessel.

Here, PSF relies on Trent Jordan's affidavit to establish that PSF did not own or operate the Vessel. Indeed, Jordan testified that PSF did not own, charter, or operate the Vessel.[74] Jordan further testified that PSF did not direct operations aboard the Vessel.[75] Plaintiff did not respond to PSF's motion for summary judgment or present any evidence showing that PSF was the Vessel's operator. Thus, the undisputed evidence in the record shows that PSF is not liable for unseaworthiness of a vessel or maintenance and cure. Summary judgment is appropriate on Plaintiff's unseaworthiness and maintenance and cure claims.

## V. Conclusion

The undisputed evidence in the record demonstrates that PSF was (1) "not the Jones Act employer of plaintiff," (2) not part of a single business enterprise that employed Plaintiff, and (3) not the owner or operator of the Vessel.[76] PSF is entitled to summary judgment on Plaintiff's negligence claim under the Jones Act and, additionally, Plaintiff's claims for unseaworthiness and maintenance and cure under general maritime law.

Accordingly,

---

[73] *Beech*, 691 F.3d at 570 (quoting *Lewis*, 531 U.S. at 441).

[74] Rec. Doc. 57-4 at 1.

[75] *Id.*

[76] Rec. Doc. 57-1 at 1, 15.

11

**IT IS HEREBY ORDERED** that Defendant P.S. Fisheries, LLC's "Motion for Summary Judgment"[77] is **GRANTED** pursuant to Federal Rule of Civil Procedure 56.

**NEW ORLEANS, LOUISIANA** this  16th   day of September, 2019.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[77] Rec. Doc. 57.